10 2353

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAY 24 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

U.S. UNDERWRITERS INSURANCE COMPANY,

Plaintiff,

-against-

ALLSTATE INSURANCE COMPANY, as subrogee of RAYMOND BELLO and DONNA BELLO, RAYMOND BELLO, DONNA BELLO, 431 AVENUE P LLC, RALPH SITT, CAROLYN KASSIN, EDDIE SITT, DAVID SITT, FIMOR CONSTRUCTION CORP, HUDSON MERIDIAN CONSTRUCTION GROUP, MMG CONSTRUCTION INC.

Defendants.

-----------------------------------------------------------x

Docket No.:

**COMPLAINT**

BLOCK, J.

AZRACK, M.J.

Plaintiff, U.S. UNDERWRITERS INSURANCE COMPANY ("U.S. Underwriters"), by its attorneys, MIRANDA SAMBURSKY SLONE SKLARIN VERVENIOTIS LLP, complaining of the defendants, alleges, upon information and belief, as follows:

**THE PARTIES**

1. At all times hereinafter mentioned, plaintiff was and still is a corporation duly organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, and a citizen of the Commonwealth of Pennsylvania, with its principal place of business located at 190 South Warner Road, Wayne, Pennsylvania.

2. At all times hereinafter mentioned, plaintiff issued policies of insurance in the State of New York through agents as permitted by New York law.

3. Upon information and belief, at all relevant times, defendant Allstate Insurance Company ("Allstate") is a domestic corporation organized under and existing by virtue of the laws of the State of Illinois with business offices at 2775 Sanders Road, Northbrook, IL 60062.

4. Upon information and belief, at all times hereinafter mentioned, defendant Raymond Bello was and still is a resident of 1653 East 2nd Street, Brooklyn, NY 11231.

5. Upon information and belief, at all times hereinafter mentioned, defendant Donna Bello was and still is a resident of 1653 East 2nd Street, Brooklyn, NY 11231.

6. Upon information and belief, at all relevant times, defendant 431 Avenue P LLC ("431") is a domestic corporation organized under and existing by virtue of the laws of the State of New York with business offices at 1653 East 2nd Street, Brooklyn, NY.

7. Upon information and belief, at all times hereinafter mentioned, defendant Ralph Sitt was and still is a resident of New York, with a principle place of business at 431 Avenue P LLC, One Penn Plaza, Suite 3430, New York, NY 10119.

8. Upon information and belief, at all times hereinafter mentioned, defendant Carolyn Kassin was and still is a resident of New York, with a principle place of business at 431 Avenue P LLC, One Penn Plaza, Suite 3430, New York, NY 10119.

9. Upon information and belief, at all times hereinafter mentioned, defendant Eddie Sitt was and still is a resident of 2077 East 2nd Street, Brooklyn, NY 11223.

10. Upon information and belief, at all times hereinafter mentioned, defendant David Sitt was and still is a resident of New York, with a principle place of business at 431 Avenue P LLC, One Penn Plaza, Suite 3430, New York, NY 10119.

11. Upon information and belief, at all relevant times, defendant Fimor Construction Corp. ("Fimor") is a domestic corporation organized under and existing by virtue of the laws of the State of New York with business offices at 1424 58th Street, Brooklyn, NY 11219.

12. Upon information and belief, at all relevant times, defendant Hudson Meridian Construction Group ("Hudson") is a domestic corporation organized under and existing by virtue

of the laws of the State of New York with business offices at 40 Rector Street, 18th Floor, New York, NY 10006.

13. Upon information and belief, at all relevant times, defendant MMG Construction Inc. ("MMG") is a domestic corporation organized under and existing by virtue of the laws of the State of New York with business offices at 1162 57th Street, Brooklyn, NY.

**JURISDICTION**

14. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. Section 1332.

15. Venue is proper in this district pursuant to U.S.C. Section 1391 in that the claim arose in this district.

16. A controversy exists between the parties as to the disclaimer of coverage under a policy of insurance issued by U.S. Underwriters as it relates to a pending lawsuit in state court.

17. Plaintiff has no adequate remedy at law.

**THE POLICIES**

18. U.S. Underwriters issued a Commercial General policy number CL3089748 to 431 Avenue P LLC, Ralph Sitt, Carolyn Kassin, Eddie Sitt, David Sitt, for the policy period January 23, 2006 to January 23, 2007, which affords certain coverage in accordance with its terms, provisions, and conditions (the "U.S. Underwriters").

19. The policy was cancelled on August 30, 2006.

**THE UNDERLYING ACTIONS**

20. On or about July 13, 2007, a lawsuit was filed in the Supreme Court of the State of New York, County of Kings, entitled Allstate Insurance Company as subrogee of Raymond Bello and Donna Bello v. 431 Ave. P LLC, Fimor Construction Corp., and Hudson Meridian

Construction Group, Index No.025621/2007, seeking recovery for the monies paid to their subrogers for damage to their property located at 1653 East 2nd Street, Brooklyn, NY.

21. The lawsuit alleges that the damage to the Bellos' property was caused by construction at the neighboring premises, located at 1655 2nd Ave., Brooklyn, NY, owned by 431 (the "insured property").

22. A second lawsuit was filed on March 12, 2008 captioned Raymond Bello v. 431 Avenue P LLC, Fimor Construction Corp and MMG Construction Inc., in Supreme Court, Kings County, under Index No. 033579/2008 with essentially the same allegations.

23. A third lawsuit was filed on or about February 2, 2009, captioned, Allstate Insurance Company, as subrogee of Raymond Bello v. Triton Construction Company, LLC and Michael Herman, in the Supreme Court, County of Kings, also with the same allegations.

24. The three lawsuits have been consolidated and are hereafter jointly referred to as the Bello lawsuits.

25. U.S. Underwriters has provided 431 with defense counsel in the Bello lawsuits.

**AS AND FOR A FIRST CAUSE OF ACTION**

26. Plaintiff repeats and realleges each and every allegation contained in the paragraphs of the complaint numbered 1 though 25 as if fully set forth at length herein.

27. The Policy provides in pertinent part as follows:

**CLASSIFICATION LIMITATION ENDORSEMENT**

> Coverage under this contract is strictly limited to the classification(s) and code(s) listed on the policy Declarations page.
>
> No coverage is provided for any classification(s) and code(s) not specifically listed on the Declarations page of this policy.
>
> All other terms and conditions of this policy remain unchanged. This endorsement is a part of your policy and takes effect on the effective date of your policy unless another effective date is shown.

28. The Business Description on the Declarations page of the policy states: Vacant Land.

29. The Extension of Declarations page states that the classification are: vacant land – other than not-for-profit; additional insured – (4)CG2018.

30. The Bello lawsuits indicate that there was a building on the insured property that was undergoing construction.

31. To the extent that the insured property was not vacant, 431, Ralph Sitt, Carolyn Kassin, Eddie Sitt, and David Sitt violated the policy's classification limitation endorsement.

32. By reason of the foregoing, U.S. Underwriters is entitled to a declaration that it has no duty to defend or indemnify 431, Ralph Sitt, Carolyn Kassin, Eddie Sitt, David Sitt, or any of the defendants herein with respect to any and all claims made in the Bello lawsuits.

**AS AND FOR A SECOND CAUSE OF ACTION**

33. Plaintiff repeats and realleges each and every allegation contained in the paragraphs of the complaint numbered 1 though 32 as if fully set forth at length herein.

34. The Policy provides in pertinent part as follows:

> **EXCLUSION – CONSTRUCTION OPERATIONS**
>
> This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury", or "medical expenses arising out of any construction, "construction services", demolition, renovation or site preparations.
>
> "Construction Services" includes, but is not limited to, surveying, drafting, tests borings, or inspections.

35. To the extent that the damages alleged in the Bello lawsuits arise out of any construction, construction services, demolition, renovation or site preparations, there is no coverage for 431, Ralph Sitt, Carolyn Kassin, Eddie Sitt, David Sitt for these claims due to the operation of the construction operations endorsement.

36. By reason of the foregoing, U.S. Underwriters is entitled to a declaration that it has no duty to defend or indemnify 431, Ralph Sitt, Carolyn Kassin, Eddie Sitt, David Sitt, or any of the defendants herein with respect to any and all claims made in the Bello lawsuits.

## AS AND FOR A THIRD CAUSE OF ACTION

37. Plaintiff repeats and realleges each and every allegation contained in the paragraphs of the complaint numbered 1 though 36 as if fully set forth at length herein.

38. The Policy provides in pertinent part as follows:

**INDEPENDENT CONTRACTORS EXCLUSION**

> I. It is agreed that this policy shall not apply to "bodily injury", "property damage", or "personal and advertising injury" arising out of the operations performed for any insured by independent contractors or acts or omissions of any insured in connection with their general supervision of such operations.

39. The policy excludes property damage arising out of the operation performed for any insured by independent contractors or acts of omission of any insured in connection with their general supervision of such operations.

40. To the extent that the damages alleged in the Bello lawsuits stem from the conduct of independent contractors, there is no coverage for 431, Ralph Sitt, Carolyn Kassin, Eddie Sitt, David Sitt for these claims due to the Independent Contractor exclusion.

41. By reason of the foregoing, U.S. Underwriters is entitled to a declaration that it has no duty to defend or indemnify 431, Ralph Sitt, Carolyn Kassin, Eddie Sitt, David Sitt, or any of the defendants herein with respect to any and all claims made in the Bello lawsuits.

## AS AND FOR A FOURTH CAUSE OF ACTION

42. Plaintiff repeats and realleges each and every allegation contained in the paragraphs of the complaint numbered 1 though 41 as if fully set forth at length herein.

43. The Policy provides in pertinent part as follows:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
(1) How, when and where the "occurrence" or offense took place;
(2) The names and addresses of any injured persons and witnesses; and
(3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

b. If a claim is made or "suit is brought against any insured, you must:
(1) Immediately record the specifics of the claim or "suit" and the date received; and
(2) Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

44. Allstate Insurance Company allegedly sent a letter, dated June 2, 2006 to 431 notifying it of the claims at issue in the Bello lawsuit.

45. The claims alleged in the Bello lawsuits were first reported to U.S. Underwriters on June 22, 2007.

46. To the extent that 431 had knowledge of this claim prior to June 22, 2007, there is no coverage for 431, Ralph Sitt, Carolyn Kassin, Eddie Sitt, David Sitt for the claims brought in the Bello lawsuit due to violation of the late notice provision.

47. By reason of the foregoing, U.S. Underwriters is entitled to a declaration that it has no duty to defend or indemnify 431, Ralph Sitt, Carolyn Kassin, Eddie Sitt, David Sitt, or any of the defendants herein with respect to any and all claims made in the Bello lawsuits.

**AS AND FOR A FIFTH CAUSE OF ACTION**

48. Plaintiff repeats and realleges each and every allegation contained in the paragraphs of the complaint numbered 1 though 47 as if fully set forth at length herein.

49. The Policy provides in pertinent part as follows:

**PRE-EXISTING OR PROGRESSIVE DAMAGE EXCLUSION**

The following is added to **SECTION I - COVERAGES, COVERAGE A Bodily Injury and Property Damage Liability, Paragraph 2. Exclusions:**

1. Pre-existing or Progressive Damage
This insurance does not apply to "bodily injury" or "property damage", or any damage(s) arising out of or related to "bodily injury" or "property damage", whether known or unknown,

   a. Which first occurred, or is alleged to have first occurred, in whole or in part prior to the inception date of this policy; or
   b. Which are, or alleged to be, in the process of occurring, in whole or in part, prior to the inception date of this policy, even if the "occurrence" continues, changes or resumes during the policy period; or
   c. Which is in the process of being reported, investigated, in litigation or settled as of the inception date of this policy.

50. The policy period is from January 23, 2006 to January 23, 2007.

51. To the extent that any of the property damage alleged in the Bello lawsuits arose out of property damage which first occurred prior to January 23, 2006, there is no coverage for 431, Ralph Sitt, Carolyn Kassin, Eddie Sitt, David Sitt for the claims brought in the Bello lawsuits by reason of the pre-existing or progressive damage exclusion.

52. By reason of the foregoing, U.S. Underwriters is entitled to a declaration that it has no duty to defend or indemnify 431, Ralph Sitt, Carolyn Kassin, Eddie Sitt, David Sitt, or any of the defendants herein with respect to any and all claims made in the Bello lawsuits.

**AS AND FOR A SIXTH CAUSE OF ACTION**

53. Plaintiff repeats and realleges each and every allegation contained in the paragraphs of the complaint numbered 1 though 52 as if fully set forth at length herein.

54. The Policy provides in pertinent part as follows:

**2. Exclusions**

This insurance does not apply to:

b. Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or
(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage: occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury: or "property damage", provided:
    (a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and
    (b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

55. Please note that the Contractual Liability Limitation Endorsement states as follows:

The definition of insured contract" in the DEFINITIONS Section is replaced by the following:

"Insured contract" means:

a. A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";
b. A sidetrack agreement;
c. Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;
d. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;
e. An elevator maintenance agreement.

56. To the extent that any of the claims against 431, Ralph Sitt, Carolyn Kassin, Eddie Sitt, and David Sitt brought in the Bello lawsuits arose out of an assumption of liability in a contract, the contractual liability exclusion precludes coverage.

57. By reason of the foregoing, U.S. Underwriters is entitled to a declaration that it has no duty to defend or indemnify 431, Ralph Sitt, Carolyn Kassin, Eddie Sitt, David Sitt, or any of the defendants herein with respect to any and all claims made in the Bello lawsuits.

**WHEREFORE**, plaintiff U.S. UNDERWRITERS INSURANCE COMPANY prays that judgment be made and entered herein:

(a) declaring that plaintiff is not obligated to defend and/or indemnify 431 Ave. P LLC, Ralph Sitt, Carolyn Kassin, Eddie Sitt, and/or David Sitt, or any other defendant under U.S. Underwriters liability policy number CL3089748, with respect to the claims brought in the lawsuits; and

(b) granting to plaintiff such other and further relief as to this Court may deem just, proper, and equitable under the circumstances, together with the costs and disbursements of this action.

Dated: Mineola, New York
May 20, 2010

MIRANDA SAMBURSKY SLONE
SKLARIN VERVENIOTIS LLP
Attorneys for Plaintiff

Steven Verveniotis
Maria Thomas
The Esposito Building
240 Mineola Boulevard
Mineola, NY 11501
(516) 741-7676
Our File No. 07-669